IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

J. FREDERIC BONOMO
And GABRIELLA BONOMO,

Petitioners,                                   CASE NO.

v.

UNITED STATES OF AMERICA
(U.S. Dept. of Treasury)

Respondent.
_____/

## CIVIL ACTION FOR REFUND

This action is brought by J. FREDERIC BONOMO and GABRIELLA BONOMO,

Petitioners against UNITED STATES OF AMERICA (U.S. Dept. of Treasury) Respondent,

under 26 U.S.C. 7422- Civil Action for Refund relating to a civil tax penalty levied against

Plaintiffs by the U.S. Department of Treasury-Internal Revenue Service for failure to timely file

a Form 3520A-Annual Information Return for Foreign Trust with U.S. Owner for tax year 2018.

## JURISDICTION AND VENUE

Petitioners are both over the age of eighteen years and are residents of Palm Beach

County, Florida. Respondent is a governmental entity of the U.S. with offices in the Southern

District of Florida. This Court has proper venue and jurisdiction over this matter pursuant to 26

U.S.C. §7422 which governs Civil Actions for Refund. Petitioners have also previously sought a

refund of all civil penalties paid for tax year 2018 (via filing of Form 843-Claim for Refund and

Request for Abatement) with the Internal Revenue Service but were denied full refund in

January, 2024 upon appeal to the Internal Revenue Service Appeals Division.

**FACTS OF THE CASE**

In 2012, Petitioners formed the Bonomo Family Trust, a foreign grantor trust established for the purposes of estate planning and governed by the trust laws of the Bahamas. The trustee appointed to manage the operations of the trust was Forbes Hare Trust Company with offices in Nassau, Bahamas. The trust was funded by assignment of the membership interest of Petitioners in one Florida limited liability company, P. Lee, LLC. No other assets were assigned to the trust.

Each year after establishment of the trust, Petitioners duly filed both Form 3520 (Annual Return to Report Transactions with Foreign Trusts) and Form 3520-A (Annual Information Return of Foreign Trust with U.S. Owner) with the U.S. Internal Revenue Service. Until tax year 2018. All tax forms were duly filed on a timely basis and no penalties were ever levied against the trust. Each year, the U.S. agent for the trust, Lawrence A. Caplan, P.A., filed Form 7004 for the trust, which provided for an extension of time for the trust to file the trust tax forms. Each year Petitioners filed their Form 3520A as a substitute along with their Form 3520.

The Form 3520-A for tax year 2018 would normally have been due on or before March 15, 2019. However, pursuant to the Internal Revenue Service Instructions for Preparation and Filing Form 3520A (attached hereto as Exhibit "A"), if the taxpayer was filing a substitute Form 3520A with their Form 3520, the substitute Form 3520A was due by the due date of Form 3520. In turn, pursuant to the Internal Revenue Service's instructions for Preparation and Filing of Form 3520, if the individual taxpayer who is a U.S. citizen or resident and are granted and extension of time to file their U.S. income tax return, the due date of filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of their tax year. (attached hereto as Exhibit "B"), Petitioners in fact did file for an automatic six month extension for filing

of their 1040 income tax return for tax year 2018. See Extension Application for Petitioners'

1040 income tax return attached hereto as Exhibit "C".

For tax year 2018, Petitioners, through their U.S. agent, filed both their Form 3520 and

Form 3520A on or about October 15, 2019 with the Internal Revenue Service Center in Ogden,

Utah as required. Both returns were delivered by Federal Express overnight mail for afternoon

delivery and were received by the Ogden Service Center on October 15, 2019. Petitioners do not

have proof of delivery due to Federal Express not maintaining records of delivery more than two

years after date of shipment. However, Petitioners did maintain a copy of the Form 7004,

Request for Extension of Time for filing of the returns, and a copy is attached as Exhibit "D".

On or about April 5, 2021, the Internal Revenue Service issued a CP15 Notice of Penalty

Change to Petitioners for tax year 2018, assessing a civil penalty under Section 6617 of the

Internal Revenue Code ("IRC") for late filing of Form 3520A in the amount of $20,642.25. This

penalty was based upon the taxpayers' alleged late filing of the Form 3520A return with the

standard late filing penalty being $10,000 with an additional assessment based upon the net

yearly income of the trust which for tax year 2018 was determined to be $277,748.

After receiving the notice, Petitioners had their U.S. agent, Lawrence A. Caplan, P.A,

prepare a Form 843 Claim for Refund and Request for Abatement, which they signed and filed

on April 15, 2021. See attached Form 843- Claim for Refund and Request for Abatement

(Exhibit "E"). This Claim for Refund and Request for Abatement was subsequently denied by

the Service. The Petitioners subsequently sought to have their case reviewed on appeal by the

IRS Appeals Unit and also asked for the IRS Taxpayer Advocate Service to intervene upon their

behalf. A copy of the notice of opening of a case by the IRS Taxpayer Advocate is attached

hereto as Exhibit "F".

On or about January 4, 2023, Petitioners and their U.S. Agent had an IRS appeals telephone call with IRS Appeals Office Jay Lee, who was operating out of the IRS Atlanta Appeals Office. Petitioners and their US Agent were given the opportunity to explain their position regarding the late filing civil penalty which they did. During the course of this call, the U.S. agent brought it to the attention of the Appeals Officer that on or about September 1, 2019, Hurricane Dorian had hit Grand Bahama and also impacted Palm Beach County, Florida. See attached Wikipedia information page for Hurricane Dorian as Exhibit "G".   The US Agent noted that a four month extension had been granted for tax year 2017 returns due to Hurricane Irma which had hit Florida in the early fall of 2017. The U.S. Agent assumed that a similar four month extension would be granted for filing of 2018 tax returns due to Hurricane Dorian which had caused damage along the Atlantic coast.

On or about, January, 2024, or some two years after the initial telephone call with IRS Appeals, the Petitioners were advised that the IRS would grant them a forty percent (40%) waiver of the civil penalty, but that they would still be responsible for the balance (approximately $12,000). It should be noted that the entire $20,642.25 penalty had been paid by means of the IRS withholding a refund of income tax paid on the Plaintiffs' 2020 income tax return.

As Petitioners believe that they actually filed the 2018 Form 3520A in a timely manner according to the specific IRS instructions for preparation and filing of Forms 3520 and 3520A, and even if they did not, their failure to do so would have been by less than three full weeks, they do not believe that the egregious civil penalty should be applied to them in this case. It should be noted that the extension for filing the Form 3520 (if not dual filed as an attachment to Form 3520) is only five months, the extension for filing a taxpayer's personal 1040 tax return is

actually six months. In any event, even if Plaintiffs had not dual filed their Form 3520A as an attachment to their Form 3520 (which they actually did) had a six month extension applied then their Form 3520A return would have been considered timely filed.

## **CLAIM FOR REFUND**

### I.     **Form 3520-A Was Actually Not Due Until October 15, 2019**

Counsel for Petitioners has previously submitted a sworn affidavit to the Internal Revenue Service attesting that the Form 3520-A for Petitioners was filed with the IRS Ogden Service Center on October 15, 2019. Previously, this was thought to have been filed eight weeks late as the parties were operating under the assumption that the return was due on August 15, 2019 or five months after the original due date for the return (with a request extension-Form 7004 filed on or before March 15, 2019). A copy of this Affidavit is attached as Exhibit "H".

However, pursuant to the instructions for filing Form 3520-A promulgated by the Internal Revenue Service, "if you are filing a substitute Form 3520-A with your Form 3520, then your substitute Form 3520-A is due by the due date of Form 3520. See the Instructions for Form 3520 for the due date of Form 3520."

In turn, the instructions for filing Form 3520 date that "If you are an individual who is a US citizen or resident and are granted an extension of time to file your income tax return, the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of your tax year." Based upon these instructions, Petitioners' Form 3520-A should have been due on or before October 15, 2019, and not August 15, 2029 as previously assumed. .

As the affidavit of Petitioners' counsel stated that he delivered the signed Form 3520-A to the IRS Ogden Service Center on October 15, 2029. then the Form was filed on time based upon the IRS instructions and the penalty should be reversed.

II.     **Petitioners should have received a Four Month Extension from September 1, 2029 Due to the Impact of Hurricane Dorian**

Hurricane Dorian was an extremely powerful and catastrophic Category 5 Atlantic hurricane, which became the most intense tropical cyclone on record to strike the Bahamas, and is tied with the 1935 Labor Day Hurricane for the strongest landfall in the Atlantic basin in terms of maximum sustained winds.  The 2019 cyclone is regarded as the worst natural disaster in the Bahamas recorded history. With winds peaking at 185 mph it was also one of the most powerful hurricanes recorded in the Atlantic Ocean and the strongest since Wilma in 2005. After it ravaged through the western Bahamas, Dorian proceeded along the coasts of the Southeastern United States and Canada, leaving behind considerable damage and economic losses in those regions. Due to the total damage and loss of life, the name Dorian was later retired from the Atlantic rotating naming lists by the World Meteorological Organization (WMO).

And although the hurricane remained off the eastern coast of South Florida, high tropical storm force winds buffeted the South Florida coast north of Broward County for several days due to the increasing storm field of the hurricane during this period. It should be noted that Petitioners' home is in the northern edge of Palm Beach County and was directly in the path of high tropical storm force winds during this prolonged period. In fact, Petitioners suffered some damage to the fascia of their garage structure as a result of these winds.

It should be noted for purposes of this argument that in the fall of 2017, or only two years before, West Central and Northwest Florida were hit by Hurricane Irma, another Category 4-5

hurricane which caused considerable damage to those areas. However, Hurricane Irma did not make landfall in South Florida and tropical storm force winds were not experienced along the Southeastern Florida coast. However, as a result of the impact of Hurricane Irma, the Internal Revenue Service granted an additional four month extension, until January, 2019, for filing of all 2017 tax returns which were originally due in August, 2018, and this extension applied to taxpayers living along the Southeastern Florida coast. See attached Notice re: Hurricane Irma extension (Exhibit "I")

As such, Petitioners contend that a separate four month extension from August 15, 2019 through January 15, 2020 should have been granted to taxpayers who had been adversely impacted by Hurricane Dorian, with such extension applying to all taxpayers located in Palm Beach County, Florida, which would include Petitioners. If such an extension had been granted, then Petitioners' Form 3520A return would have been deemed to have been filed on time and no late filing penalty would have been assessed.

III.     **Even if Petitioners' Form 3520-A return Was Determined to have been Filed Late, the Amount of Foreign Trust Income Attributable to Petitioners/Taxpayers was De Minimis and should not have resulted in such an Egregious Penalty**

Even if it is determined that the aforementioned arguments do not apply to Petitioners and that they filed their Form 3520-A return late by a number of weeks, the total amount of foreign trust income attributable to Petitioners/Taxpayers was indeed "de minimis" and did not justify the imposition of an egregious penalty of over $20,000.

Petitioners' Form 3520-A indicates that the Bonomo Family Trust had $46,077 of gross rents and royalties in tax year 2018, and that was the sole source of trust income for that tax year.

See Petitioners Form 3520-A for tax year 2018 (Exhibit "J") It should be noted that the trust only held one asset, that being the membership interest of one Florida limited liability company, P. Lee, LLC.

The Form 3520-A return also indicates that the Bonomo Family Trust had total trust expenses of $32,237 for tax year 2018. As a result, the total net income for the Bonomo Family Trust in tax year 2018 was only $13,840. And although the net trust income was only $13,840, the civil penalty for late filing was some $20,701.00, with interest accruing thereon. This total penalty is derived from a base late filing penalty of $10,000 with an additional penalty based upon the total value of assets held in the trust, which in tax year 2018 was approximately $326,000.

As a result, the total civil penalty for late filing of the Form 3520-A, which under the analysis least favorable to Petitioners would have the return being filed eight weeks late, is more than the actual total trust income for tax year 2018 by over $7000. This represents an egregious and substantial penalty which constituted a grave hardship to Petitioners. Petitioners note that they never before had been subject to any late filing or late paying civil penalty assessed by the Internal Revenue Service, and have been fully compliant since 2018. As such, Petitioners believe that the late filing penalty assessed against them should be waived or greatly reduced as a result of the minimal trust income generated by the Bonomo Family Trust in tax year 2018.

IV.    **Compliance with Statute of Limitations for Filing Refund Claims**

Under 28 U.S.C. §1346(a)(1) and I.R.C. Section 7422, there are strict statutory requirements for filing refund claims. The initial claim for refund, which is defined as the filing of the Form 843 Claim for Refund and Request for Abatement, must be filed no later than 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of

such periods expires the later. In this specific case, the return in question was filed in October, 2019 and the tax was paid by means of withholding of a credit from Petitioners' tax return in 2020. See Notice of Penalty and Withholding of Credit dated April 5, 2021 (Exhibit "K") and attached hereto.

The Claim for Refund and Request for Abatement was filed by the Petitioners with the Internal Revenue Service on April 15, 2021, or well within both the three year period from filing The Form 3520-A for tax year 2018, as well as the two year period from the actual payment of the civil penalty assessed. As such, Petitioners initiated their claim for refund within the prescribed statute of limitations period as established under 28 U.S.C. § 1346(a)(1) and I.R.C. Section 7422.

V.    **Conclusion**

If the Petitioners are determined to have filed their Form 3520-A for tax year 2018 as a supplement to their filing of their Form 3520 for the same tax year, then under the specific instructions for filing the Form 3520 return, assuming the Petitioners filed an extension for filing of the personal tax return for tax year 2018, which they did, then their Form 3520 with the 3520-A supplement was actually not due until October 15, 2019, and Petitioners were in compliance.

In addition, if the Internal Revenue Service had afforded taxpayers impacted by category 5 Hurricane Dorian the same four month extension in which to file their returns due on August 15, 2019, that they afforded similarly impacted taxpayers of Hurricane Irma just two years before, then Petitioners' Form 3520-A would have been filed well within that four month extension period. And clearly taxpayers residing along the coast of Palm Beach County Florida would have been deemed eligible for such a four month extension.

Finally, even if neither of the above circumstances had been deemed to be applicable to Petitioners, the total net trust income for the Bonomo Family Trust in tax year 2018, i.e. approximately $13,000, did not in any way justify the imposition of a civil late filing penalty which exceeded the total amount of foreign trust income by more than $7000. In the event that neither of the above circumstances are found to apply to Petitioners, then they contend that the total civil penalty assessed against them should either be waived or reduced significantly so that it is in line with the net amount of net foreign trust income generated by the Bonomo Family Trust.

Dated: February 21, 224

Respectfully submitted,

LAWRENCE A. CAPLAN, P.A.
1375 Gateway Blvd.
Boynton Beach, FL 33426
Telephone: 561.245.0763
E-Mail: lacaplanlaw@bellsouth.net

By:ss/*lawrencecaplan/s*
Florida Bar No. 400531

Case 9:24-cv-80199-DSL   Document 11   Entered on FLSD Docket 04/09/2024   Page 11 of 31

# Instructions for Form 3520-A

Department of the Treasury
Internal Revenue Service

## (Rev. December 2023)

### Annual Information Return of Foreign Trust With a U.S. Owner

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about developments related to Form 3520-A and its instructions, such as legislation enacted after they were published, go to *IRS.gov/Form3520A*.

## What's New

**Continuous-use form and instructions.** Form 3520-A and these instructions have been converted from an annual revision to continuous use. Both the form and instructions will be updated as needed. For the most recent version, go to *IRS.gov/Form3520A*.

**Tax year and statements.** You are required to enter the tax year at the top of the first page and all statements. For a fiscal-year filer, enter the tax year that the fiscal tax year begins with on all statements.

## Reminders

**Exemption from information reporting under section 6048.** Rev. Proc. 2020-17 exempts from foreign trust information reporting certain eligible individuals' transactions and ownership. See *Exceptions To Filing*, later.

# General Instructions

## Purpose of Form

Form 3520-A is the annual information return of a foreign trust with at least one U.S. owner. The form provides information about the foreign trust, its U.S. beneficiaries, and any U.S. person who is treated as an owner of any portion of the foreign trust under the grantor trust rules (sections 671 through 679).

## Who Must File

A foreign trust with a U.S. owner must file Form 3520-A in order for the U.S. owner to satisfy its annual information reporting requirements under section 6048(b). Each U.S. person treated as an owner of any portion of a foreign trust under the grantor trust rules (sections 671 through 679) is responsible for ensuring that the foreign trust files Form 3520-A and furnishes the required annual statements to its U.S. owners and U.S. beneficiaries. If a foreign trust fails to file Form 3520-A, the U.S. owner must complete and attach a substitute Form 3520-A for the foreign trust to the U.S. owner's Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts, by the due date of the U.S. owner's Form 3520 (and not the due date for the Form 3520-A, which is otherwise due by the 15th day of the 3rd month after the end of the trust's tax year) in order to avoid being subject to the penalty for the foreign trust's failure to file Form 3520-A. See *Line 22* in the *Instructions for Form 3520*. See *Penalties*, later.

## Exceptions To Filing

Rev. Proc. 2014-55 exempts from foreign trust information reporting certain Canadian retirement plans, including Canadian registered retirement savings plans (RRSPs) and Canadian registered retirement income funds (RRIFs), regardless of whether you are an eligible individual described in section 4.01 of Rev. Proc. 2014-55. For more information about whether your Canadian retirement plan qualifies for an exemption from foreign trust information reporting, see sections 3 and 5 of Rev. Proc. 2014-55, 2014-44 I.R.B. 753, available at *IRS.gov/IRB/2014-44_IRB#RP-2014-55*.

Rev. Proc. 2020-17 exempts from foreign trust information reporting certain eligible individuals' transactions with, and ownership of, certain tax-favored foreign trusts that are established and operated exclusively or almost exclusively to provide pension or retirement benefits, or to provide medical, disability, or educational benefits. For more information about whether you are an eligible individual, and whether your foreign trust qualifies for an exemption from foreign trust information reporting, see section 5 of Rev. Proc. 2020-17, 2020-12 I.R.B. 539, available at *IRS.gov/IRB/2020-12_IRB#REV-PROC-2020-17*.

The exemptions from foreign trust information reporting described in Rev. Proc. 2014-55 and Rev. Proc. 2020-17 do not affect any reporting obligations under section 6038D or under any other provision of the U.S. law, including the requirement to file Financial Crimes Enforcement (FinCEN) Form 114, Report of Foreign Bank and Financial Accounts (FBAR), imposed by 31 U.S.C. section 5314 and the regulations thereunder. For more information, go to *IRS.gov/FBAR*.

## When and Where To File

File a complete Form 3520-A (including the statements on pages 3 through 5) with the Internal Revenue Service Center, P.O. Box 409101, Ogden, UT 84409, by the 15th day of the 3rd month after the end of the trust's tax year. However, if you are filing a substitute Form 3520-A with your Form 3520, then your substitute Form 3520-A is due by the due date of Form 3520. See the *Instructions for Form 3520* for the due date of the Form 3520. Give copies of the **Foreign Grantor Trust Owner Statement** (pages 3 and 4 of Form 3520-A) and the **Foreign Grantor Trust Beneficiary Statement** (page 5 of Form 3520-A) to the U.S. owners and U.S. beneficiaries by the 15th day of the 3rd month after the end of the trust's tax year, or later if an extension of time to file is granted or if filing a substitute Form 3520-A.

Oct 10, 2023

Cat. No. 25096U

EXHIBIT "B"

# When and Where To File

- In general, a U.S person's Form 3520 is due on the 15th day of the 4th month following the end of such person's tax year for income tax purposes. If a U.S. person is granted an extension of time to file an income tax return, Form 3520 is due no later than the 15th day of the 10th month following the end of the U.S. person's tax year.

**Note.** This may differ from and is not tied to the due date of the U.S. person's income tax return.

If you are an individual who is a U.S. citizen or resident who satisfies one of the following conditions on the due date of your income tax return, then your Form 3520, which would generally be due on the 15th day of the 4th month (April 15) following the end of your tax year for income tax purposes, is instead due on the 15th day of the 6th month (June 15) following the end of that year. You must include a statement on the Form 3520 showing that you are a U.S. citizen or resident who meets one of these conditions.

- You live outside of the United States and Puerto Rico and your place of business or post of duty is outside the United States and Puerto Rico.
- You are in the military or naval service on duty outside the United States and Puerto Rico.

If you are an individual who is a U.S. citizen or resident and are granted an extension of time to file your income tax return, the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of your tax year.

If you are filing a Form 3520 for a U.S. decedent, the due date is the 15th day of the 4th month (April 15) following the end of the decedent's last tax year for income tax purposes. If the U.S. decedent is granted an extension of time to file their income tax return, then the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of decedent's last tax year.

If you are filing a Form 3520 for a U.S. decedent's estate, the due date is the 15th day of the 4th month following the end of the estate's tax year for income tax purposes. If the U.S. decedent's estate is granted an extension of time to file its income tax return, then the due date for filing Form 3520 is no later than the 15th day of the 10th month following the end of the estate's tax year.

If the due date falls on a Saturday, Sunday, or legal holiday, file by the next day that is not a Saturday, Sunday, or legal holiday.

Send Form 3520 to the following address.

Internal Revenue Service Center
P.O. Box 409101
Ogden, UT 84409

BONOMO 04/05/2019 12:59 PM

Exhibit "C"

| Form **4868** | **Application for Automatic Extension of Time** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | **To File U.S. Individual Income Tax Return** ▶ Go to *www.irs.gov/Form4868* for the latest information. | **2018** |

(on bottom of page)

**Mail To: Department of the Treasury**
**Internal Revenue Service**
Austin, TX 73301-0045

- - - - - - - - - - - - - - - - CUT HERE - - - - - - - - - - - - - - - -

Extension request originally filed electronically

| Form **4868** | **Application for Automatic Extension of Time** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | **To File U.S. Individual Income Tax Return** For calendar year 2018, or other tax year beginning , and ending | **2018** |

| **Part I   Identification** | **Part II   Individual Income Tax** |
|---|---|
| **1** Your name(s) (see instructions) | **4** Estimate of total tax liability for 2018  $ |
| James          Bonomo Gabriella     Bonomo | **5** Total 2018 payments |
| Address (see instructions) 16814 123rd Terrace North | **6** **Balance due.** Subtract line 5 from line 4 (see instructions) |
| City, town, or post office  Jupiter     State FL  ZIP Code 33478 | **7** Amount you're paying (see instr.) ▶ |
|  | **8** Check here if you're "out of the country" and a U.S. citizen or resident (see instructions) ▶ ☐ |
| **2** Your social security number     **3** Spouse's social security number | **9** Check here if you file Form 1040NR or 1040NR-EZ and didn't receive wages as an employee subject to U.S. income tax withholding ▶ ☐ |

For Privacy Act and Paperwork Reduction Act Notice, see page 4.                                    Form **4868** (2018)

DAA

*Exhibit "A"*

**Form 7004**
(Rev. December 2018)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns

▷ File a separate application for each return.
▷ Go to *www.irs.gov/Form7004* for instructions and the latest information.

OMB No. 1545-0233

| Print or Type | Name | Identifying number |
|---|---|---|
| | BONOMO FAMILY TRUST | 90-6262694 |

Number, street, and room or suite no. (If P.O. box, see instructions.)
C/O FORBES HARE TRUST COMPANY, 10 MARKET ST, CASSIA COURT

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code).)
GRAND CAYMAN, CAYMAN ISLANDS KY-1-9006

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

### Part I — Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.

1   Enter the form code for the return listed below that this application is for . . . . . . . . . . . . . . . . . **27**

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 706-GS(T) | 02 | Form 1120-PC | 21 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-POL | 22 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-REIT | 23 |
| Form 1041 (trust) | 05 | Form 1120-RIC | 24 |
| Form 1041-N | 06 | Form 1120S | 25 |
| Form 1041-QFT | 07 | Form 1120-SF | 26 |
| Form 1042 | 08 | Form 3520-A | 27 |
| Form 1065 | 09 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |
| Form 1120-ND | 19 | | |

### Part II — All Filers Must Complete This Part

2   If the organization is a foreign corporation that does not have an office or place of business in the United States, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▷ ☐

3   If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▷ ☐
   If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

4   If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . . ▷ ☐

5a   The application is for calendar year 20____, or tax year beginning _____, 20____, and ending _____, 20____.

b   Short tax year. If this tax year is less than 12 months, check the reason:  ☐ Initial return   ☐ Final return
   ☐ Change in accounting period   ☐ Consolidated return to be filed   ☐ Other (See instructions—attach explanation.)

| | | |
|---|---|---|
| 6   Tentative total tax . . . . . . . . . . . . . . . . . . . | **6** | 0 |
| 7   Total payments and credits. See instructions . . . . . . . . . . . | **7** | 0 |
| 8   Balance due. Subtract line 7 from line 6. See instructions . . . . . . . | **8** | 0 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 13804A          Form **7004** (Rev. 12-2018)

EXHIBIT "E"

Form **843**
(Rev. August 2011)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,
- (b) an abatement of FUTA tax or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | Your social security number |
|---|---|
| JAMES BONOMO | |
| **Address (number, street, and room or suite no.)** | **Spouse's social security number** |
| 16814 123RD Terrace | |
| **City or town, state, and ZIP code** | **Employer identification number (EIN)** |
| Jupiter, FL 33478-6008 | |
| **Name and address shown on return if different from above** | **Daytime telephone number** |

**1 Period.** Prepare a separate Form 843 for each tax period or fee year.
From January 1, 2018 to December 31, 2018

**2 Amount to be refunded or abated:**
$ 20642.25

**3 Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment ☐ Estate ☐ Gift ☐ Excise ☑ Income ☐ Fee

**4 Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: 6677

**5a Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ►

**6 Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945
☐ 990-PF ☐ 1040 ☐ 1120 ☐ 4720 ☑ Other (specify) ► 3520A

**7 Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

Taxpayers' attorney prepared the Form 3520A each year since the trust was created in 2012. Taxpayers' attorney always sends return via express mail to the Ogden Service Center. In March/April 2019, Taxpayer's attorney underwent complex brain surgery tto remove a rare tumor and was not able to work for some months. (see attached letter) The return was on extension pursuant to filing of Form 7004 and actually filed in October, 2019. (see attached letter). Taxpayers have never been late with the filing of their 3520A or any other tax forms and are fully compliant as to taxes owed and paid. Taxpayers should be entitled to a one-time forgiveness /waiver of the penalty as they are fully compliant taxpayers.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Signature (title, if applicable). Claims by corporations must be signed by an officer.) | Date 4/15/21 |
|---|---|
| Signature (spouse, if joint return) | Date 4/15/21 |

| **Paid Preparer Use Only** | Print/Type preparer's name | Preparer's signature | Date 4/16/21 | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Lawrence A. Caplan | | | | |
| | Firm's name ► Lawrence A. Caplan, P.A. | | | Firm's EIN ► 29-3222576 | |
| | Firm's address ► 1375 Gateway Blvd, Boynton Beach, FL 33426 | | | Phone no. 5612450763 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.
Cat. No. 10180R
Form **843** (Rev. 8-2011)



**TAXPAYER ADVOCATE SERVICE**

YOUR VOICE AT THE IRS

THE OFFICE OF THE TAXPAYER ADVOCATE OPERATES INDEPENDENTLY OF ANY OTHER IRS OFFICE AND REPORTS DIRECTLY TO CONGRESS THROUGH THE NATIONAL TAXPAYER ADVOCATE.

September 1, 2021

Lawrence A. Caplan
1375 Gateway Blvd
Boynton Beach, FL 33426-8304

Taxpayer Name: James & Gabriella Bonomo

Tax Form(s): Civil Penalty
Tax Period(s) Ending: December 31, 2018
Case Number: 7292619

Dear Representative:

I'm writing to update you on the progress in your case. I'm working to resolve your issue concerning First Time Abatement of Penalty abatement request to the Internal Revenue Service (IRS) for the tax period mention above, and I apologize that your resolution is taking longer than expected.

**Progress on your case**
Since our last contact, I received additional information for the penalty abatement request. As a result, we have already sent a referral to the IRS to take this action.

Our office the Taxpayer Advocate Service (TAS) has an agreement with the IRS that they will prioritize and expedite cases we refer to them. Therefore, we expect to have a response to our request within the next three or four weeks. During this period, there is nothing further that TAS can do or additional information you can provide that will speed up this process.

**When you'll hear from me**
I'll contact you again by October 1, 2021, to update you on your case. While I expect to resolve your problem by October 28, 2021, that date may change if I need additional information or extra time. In the meantime, please let me know if someone at the IRS contacts you about this issue.

**Questions?**
If you have any questions or concerns about your case, you can reach me directly at 904-661-3140. You can also write to me via fax or at the address at the bottom of this letter.

Taxpayer Advocate Service
400 W Bay Street Stop TAS MS TAS
Jacksonville, FL 32202
www.irs.gov/advocate

Contact: Sandra Acevedo · Employee Number 1000313887
Available Hours: Tuesday- Friday 6:00 a.m. - 4:30 p.m. ADT
Direct Extension: 904-661-3140, Toll-Free: 877-375-0010
Fax: 855-740-3826, Toll-Free Fax: 866-271-6885

TAS.IAT | IAT TAS Letter 2903(10/2014)



THE OFFICE OF THE TAXPAYER ADVOCATE OPERATES INDEPENDENTLY OF ANY OTHER IRS OFFICE AND REPORTS DIRECTLY TO CONGRESS THROUGH THE NATIONAL TAXPAYER ADVOCATE.

YOUR VOICE AT THE IRS



I apologize for this delay and any inconvenience or frustration it may cause.  I appreciate your patience.  Please be assured that I am working on your case and advocating on your behalf.


Sincerely,


*Sandra Acevedo*
Sandra Acevedo
Case Advocate


CC: James & Gabriella Bonomo

Taxpayer Advocate Service
400 W Bay Street Stop TAS MS TAS
Jacksonville, FL 32202
www.irs.gov/advocate

Contact: Sandra Acevedo - Employee Number 1000313887
Available Hours: Tuesday- Friday 6:00 a.m. - 4:30 p.m. ADT
Direct Extension: 904-661-3140, Toll-Free: 877-375-0010
Fax: 855-740-3826, Toll-Free Fax: 866-271-6885

TAS.JAT | IAT TAS Letter 2903(10/2014)

EXHIBIT "C"

# Hurricane Dorian

26 languages

Article    Talk

Read    View source    View history    Tools

From Wikipedia, the free encyclopedia

*For other storms of the same name, see List of storms named Dorian.*
*Not to be confused with Hurricane Doria.*

**Hurricane Dorian** was an extremely powerful and catastrophic Category 5 Atlantic hurricane, which became the most intense tropical cyclone on record to strike the Bahamas, and is tied with the 1935 Labor Day hurricane for the strongest landfall in the Atlantic basin in terms of maximum sustained winds. The 2019 cyclone is regarded as the worst natural disaster in the Bahamas' recorded history.[1] With winds peaking at 185 mph (295 km/h), it was also one of the most powerful hurricanes recorded in the Atlantic Ocean in terms of 1-minute sustained winds, and the strongest since Wilma in 2005. Dorian was the fourth named storm, second hurricane, the first major hurricane, and the first Category 5 hurricane of the 2019 Atlantic hurricane season. Dorian struck the Abaco Islands on September 1 with maximum sustained winds of 185 mph (295 km/h), tying with the 1935 Labor Day hurricane for the highest wind speeds of an Atlantic hurricane ever recorded at landfall. Dorian went on to strike Grand Bahama at similar intensity, stalling just north of the territory with unrelenting winds for at least 24 hours. The resultant damage to these islands was catastrophic; most structures were flattened or swept to sea, and at least 70,000 people were left homeless. After it ravaged through the Bahamas, Dorian proceeded along the coasts of the Southeastern United States and Atlantic Canada, leaving behind considerable damage and economic losses in those regions.

Dorian developed from a tropical wave on August 24 over the Central Atlantic. The storm moved through the Lesser Antilles and became a hurricane north of the Greater Antilles on August 28. Dorian proceeded to undergo rapid intensification over the following days, before reaching its peak as a Category 5 hurricane with one-minute sustained winds of 185 mph (295 km/h) and a minimum central pressure of 910 millibars (26.87 inHg) by September 1. It made landfall in the Bahamas in Elbow Cay, just east of Abaco Island, and again on Grand Bahama several hours later, where it remained nearly stationary for the next day or so. After weakening considerably, Dorian began moving northwestward on September 3, parallel to the east coast of Florida. Dwindling in strength, the hurricane turned to the northeast the next day and made landfall on Cape Hatteras at Category 2 intensity on September 6. Dorian transitioned into an extratropical cyclone on September 7, before striking first Nova Scotia and then Newfoundland with hurricane-

## Hurricane Dorian



Hurricane Dorian near peak intensity over the Abaco Islands on September 1

### Meteorological history

| | |
|---|---|
| **Formed** | August 24, 2019 |
| **Extratropical** | September 7, 2019 |
| **Dissipated** | September 10, 2019 |

### Category 5 hurricane

*1-minute sustained* (SSHWS/NWS)

| | |
|---|---|
| **Highest winds** | 185 mph (295 km/h) |
| **Lowest pressure** | 910 mbar (hPa); 26.87 inHg |

### Overall effects

| | |
|---|---|
| **Fatalities** | 84 total |
| **Missing** | 245 |
| **Damage** | ≥$5.1 billion (2019 USD) (Costliest in Bahamian history) |
| **Areas affected** | Lesser Antilles, Puerto Rico, The Bahamas (especially the Abaco Islands and Grand Bahama), Eastern United States (especially |

force winds on the next day. The storm finally dissipated near Greenland on September 10.

From August 26 to August 28, the storm affected several parts of the northernmost Lesser Antilles. Damaging winds primarily affected the Virgin Islands where gusts reached 111 mph (179 km/h). Extensive precautionary measures were taken to mitigate damage, especially in Puerto Rico, where one person died. Elsewhere in the Lesser Antilles, impacts from the storm were relatively minor. In preparation for the storm, the states of Florida, Georgia, South Carolina, North Carolina and Virginia all declared a state of emergency and many coastal counties from Florida to North Carolina issued mandatory evacuation orders. Damage in the Bahamas was catastrophic due to the prolonged and intense storm conditions, including heavy rainfall, high winds and storm surge, with thousands of homes destroyed and at least 77 direct deaths recorded, 74 of which occurred in the Bahamas. The true death toll is unknown, with 245 people still missing as of August 2020.[2] Dorian is the costliest disaster in Bahamian history, estimated to have left behind $3.4 billion (2020 USD) in damage in that country, while causing a total of $5.1 billion in damage overall. Due to the damage and loss of life, the name Dorian was later retired from the Atlantic rotating naming lists by the World Meteorological Organization.

| | |
|---|---|
| | Florida, Georgia, South Carolina, and North Carolina), Eastern Canada |
| | IBTrACS ✏ |

Part of the **2019 Atlantic hurricane season**

**History**

- Meteorological history

**Effects**

- The Caribbean
- The Bahamas
- The Carolinas
- Alabama controversy

**Other wikis**

- Commons: Dorian images

# Meteorological history

*Main article: Meteorological history of Hurricane Dorian*



Map plotting the storm's track and intensity, according to the Saffir–Simpson scale

**Map key**                    show

On August 19, 2019, the National Hurricane Center (NHC) identified a tropical wave—an elongated trough of low air pressure—within a monsoon trough over Guinea and Senegal in western Africa. Convective activity associated with the wave was limited by an abundance of Saharan dust in the region.[3] Propagating west over the tropical Atlantic Ocean, the system remained disorganized for several days.[4] On August 23, a defined area of low pressure consolidated at the surface and thunderstorm activity increased.[5] The system acquired sufficient organized convection to be classified as Tropical Depression Five at 15:00 UTC on August 24. At this time the syste

## AFFIDAVIT

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, authorized to administer oaths and take acknowledgements, personally appeared LAWRENCE CAPLAN (Affiant), who being by me first duly sworn, deposes and says:

1. Affiamnt is the attorney for Frederic Bonomo and Gabriella Bonomo specifically with respect to the filing of their Form 3520-A for tax year 2018.

2. Affiant attests that he prepared the Form 3520-A for his clients for tax year 2018 and that his clients and the trustee, Forbes Hare Trust Company executed the Form 3520-A on or before October 15, 2019.

3. Affiant further attests that he personally prepared the FedEx shipping bill for the Form 3520-A and shipped the Form to the IRS Ogden Service Center on October 15, 2019.

4. Affiant further attests that he has made a good faith effort to locate a copy of the original FedEx shipping waybill but cannot locate a copy in his files. Affiant further attests that he has contacted FedEx to ask that a copy of the shipping waybill be located but FedEx has not been able to do so, claiming that too much time has passed from the original date of the shipment.

5. Affiant personally is aware that the signed and fully completed Form 3520-A for tax year 2018 was shipped to the IRS on October 15, 2019. And Affiant has previously provided a copy of the fully completed and executed Form 3520-A to the Taxpayer Advocate working on the case.

6. Affiant is asking that the penalty previously assessed against the taxpayers for late filing of the Form 3520-A be waived in this case.

FURTHER AFFIANT SAYETH NAUGHT

LAWRENCE CAPLAN

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to and subscribed before me this 3¹ day of August, 2021 by
LAWRENCE CAPLAN, who is personally known to me or who has produced
drivers license as identification.

Notary Public, State of Florida

Rahat Baimatova
Commission # HH 116518
Commission Expires 04-27-2025
Bonded Through - Cynnotary
Florida - Notary Public

Exhibit "I"

## CHECKPOINT®

# Tax Filing and Payment Relief
# for Hurricane Irma Victims

The Internal Revenue Service has announced that Hurricane Irma victims in federally declared disaster areas have until Jan. 31, 2018 to file certain individual and business tax returns and make certain tax payments (IR-2017-150, Sept.12, 2017; IR-2017-155, Sept. 15, 2017; IR-2017-156, Sept.19, 2017).

The relief is available for taxpayers in any area designated by the Federal Emergency Management Agency (FEMA), as qualifying for individual assistance. Florida, Puerto Rico, the Virgin Islands and Georgia are eligible for filing and payment relief.

The tax relief postpones various tax filing and payment deadlines that occurred starting on Sept.4, 2017 (Florida), Sept. 5, 2017 (Puerto Rico and Virgin Islands), and Sept. 7, 2017 (Georgia). As a result, affected individuals and businesses will have until Jan. 31, 2018, to file returns and pay any taxes that were originally due during this period. This includes the Sept. 15, 2017 and Jan. 16, 2018 deadlines for making quarterly estimated tax payments. For individual tax filers, it also includes 2016 income tax returns that received a tax-filing extension until Oct. 16, 2017. Since tax payments related to these 2016 returns were originally due on April 18, 2017, those payments are not eligible for this relief.

A variety of business tax deadlines are also affected including the Oct. 31 deadline for quarterly payroll and excise tax returns. In addition, the IRS is waiving late-deposit penalties for federal payroll and excise tax deposits normally due during the first 15 days of the disaster period (check the IRS Tax Relief in Disaster Situations page for the time periods that apply to each jurisdiction).

The IRS automatically provides filing and penalty relief to any taxpayer with an IRS address of record located in the disaster area. Thus, taxpayers need not contact the IRS to get this relief. However, if an affected taxpayer receives a late filing or late payment penalty notice from the IRS that has an original or extended filing, payment or deposit due date falling within the postponement period, the taxpayer should call the number on the notice to have the penalty abated.

In addition, the IRS will work with any taxpayer who lives outside the disaster area but whose records necessary to meet a deadline occurring during the postponement period are located in the affected area. Taxpayers qualifying for relief who live outside the disaster area need to contact the IRS at 866-562-5227. This also includes workers assisting the relief activities who are affiliated with a recognized government or philanthropic organization.



THOMSON REUTERS®

OMB No. 1545-0160

Form **3520-A**

## Annual Information Return of Foreign Trust With a U.S. Owner
### (Under section 6048(b))

**2018**

Department of the Treasury
Internal Revenue Service

▶ Go to www.irs.gov/Form3520A for instructions and the latest information.

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

For calendar year 2018, or tax year beginning _____, 2018, ending _____, 20_____

Check appropriate boxes:   ☐ Initial return   ☐ Final return   ☐ Amended return   ☐

Check if any excepted specified foreign financial assets are reported on this form (see instructions) ☐

### Part I   General Information (see instructions)

**1a** Name of foreign trust

Bonomo Family Trust

**b(1)** Employer identification number

90-6262694

**b(2)** Reference ID number (see instructions)

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

c/o Forbes Hare trust Company, 10 Market Street, Cassia Court

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-9006 | Cayman Islands |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information?   ☑ Yes   ☐ No

If "Yes," skip lines 2a through 2e and go to line 3.

If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

Have you attached a copy of:

| | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| **a** | Summary of all written and oral agreements and understandings relating to the trust? | ☐ | ☐ | ☐ | |
| **b** | The trust instrument? | ☐ | ☐ | ☐ | |
| **c** | Memoranda or letters of wishes? | ☐ | ☐ | ☐ | |
| **d** | Subsequent variances to original trust documents? | ☐ | ☐ | ☐ | |
| **e** | Other trust documents? | ☐ | ☐ | ☐ | |

**3a** Name of U.S. agent

Lawrence A. Caplan, P.A.

**b** Identification number

59-3222576

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

1375 Gateway Blvd

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Boynton Beach | FL | 3426 | USA |

**4a** Name of trustee

Forbes Hare Trust Company

**b** Identification number, if any

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

10 Market Street, Cassia Court

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands |

**5** Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions)   ☐ Yes   ☑ No

**6** Enter the number of **Foreign Grantor Trust Owner Statements** (pages 3 and 4) included with this Form 3520-A ▶ _____ 1

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee's Signature ▶ | Title ▶ | Date ▶ | |
|---|---|---|---|

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ▶ | | | | Firm's EIN ▶ |
| Firm's address ▶ | | | | Phone no. |

For Paperwork Reduction Act Notice, see instructions.

Cat. No. 19595S

Form **3520-A** (2018)

Form 3520-A (2018)                                                                                              Page **2**

## Part II — Foreign Trust Income Statement
Enter totals from books and records of foreign trust (see instructions).

| | | |
|---|---|---:|
| **Income** | 1 Interest | |
| | 2 Dividends | |
| | 3 Gross rents and royalties | |
| | 4 Income (loss) from partnerships and fiduciaries | 46076 |
| | 5 Capital gains: | |
| | a Net short-term capital gain (loss) | |
| | b Net long-term capital gain (loss) | |
| | 6 Ordinary gains (losses) | |
| | 7 Other income (attach statement) | 46076 |
| | 8 Total income (add lines 1 through 7) | 13814 |
| **Expenses** | 9 Interest expense | |
| | 10a Foreign taxes (attach statement) | 5903 |
| | b State and local taxes | 12352 |
| | 11 Amortization and depreciation (depletion) | |
| | 12 Trustee and advisor fees | 168 |
| | 13 Charitable contributions | |
| | 14 Other expenses (attach statement) | 32237 |
| | 15 Total expenses (add lines 9 through 14) | 13839 |
| | 16 Net income (loss) (subtract line 15 from line 8) | |

17a Enter the fair market value (FMV) of total distributions from the trust to all persons, whether U.S. or foreign ▶

b Distributions to U.S. owners:

| (i) Name of owner | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

c Distributions to U.S. beneficiaries:

| (i) Name of beneficiary | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

## Part III — Foreign Trust Balance Sheet

| | | Beginning of Tax Year | | End of Tax Year | |
|---|---|---|---|---|---|
| | **Assets** | (a) | (b) | (c) | (d) |
| 1 | Cash | | | | 272 |
| 2 | Accounts receivable | | | | |
| 3 | Mortgages and notes receivable | | | | |
| 4 | Inventories | | | | |
| 5 | Government obligations | | | | |
| 6 | Other marketable securities | | | | |
| 7 | Other nonmarketable securities | | | 481725 | 324974 |
| 8a | Depreciable (depletable) assets | | | (156751) | |
| b | Less: accumulated depreciation (depletion) | | | | |
| 9 | Real property | | | | |
| 10 | Other assets (attach statement) | | | | 326146 |
| 11 | Total assets | | | | |
| | **Liabilities** | | | | |
| 12 | Accounts payable | | | | |
| 13 | Contributions, gifts, grants, etc., payable | | | | 317558 |
| 14 | Mortgages and notes payable | | | | |
| 15 | Other liabilities (attach statement) | | | | 317558 |
| 16 | Total liabilities | | | | 902 |
| | **Net Worth** | | | | 13839 |
| 17 | Contributions to trust corpus | | | | (6153) |
| 18 | Accumulated trust income | | | | 7686 |
| 19 | Other (attach statement) | | | | 326146 |
| 20 | Total net worth (add lines 17 through 19) | | | | |
| 21 | Total liabilities and net worth (add lines 16 and 20) | | | | |

Form **3520-A** (2018)

Form 3520-A (2018)                                                                 Page **3**

## 2018 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** *Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.*

**1a** Name of foreign trust

Bonomo Family Trust

**b(1)** Employer identification number
90-6262694

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

c/o Forbes Hare Trust Company, 10 Market Street, Cassia Court

**b(2)** Reference ID number (see instructions)

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands BWI |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?   ☑ Yes   ☐ No

If "Yes," complete lines 3a through 3g.

**3a** Name of U.S. agent

Lawrence A. Caplan, P.A.

**b** Identification number
59-3222576

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

1375 Gateway Blvd

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Boynton Beach | FL | 33426 | USA |

**4a** Name of trustee

Forbes Hare Trust Company

**b** Identification number (if any)

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

10 Market Street, Cassia Court

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands BWI |

**5** The tax year of the owner of the foreign trust to which this statement relates ▶

**b** Identification number ██████████

**6a** Name of U.S. owner

J. Frederic Bonomo

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

16814 123rd Terrace

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Jupiter | FL | 33478 | USA |

**h** Service Center where U.S. owner files its income tax returns ▶
Charlotte

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner   $ **412845**

**10** Cash amounts or FMV of property distributed, directly or indirectly, during the current tax year, from the foreign trust (exclude loans) to the U.S. owner.

| (a) Date of distribution | (b) Description of property distributed | (c) FMV of property distributed (determined on date of distribution) | (d) Description of property transferred, if any | (e) FMV of property transferred | (f) Excess of column (c) over column (e) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Totals** . . . . . . . . ▶ $

Form **3520-A** (2018)

Form 3520-A (2018)

## 2018 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

Report each item on the proper form or schedule of your tax return

| | | | |
|---|---|---|---|
| **Income** | 1a | Taxable interest | |
| | b | Tax-exempt interest ▶ | |
| | 2a | Total ordinary dividends | |
| | b | Qualified dividends ▶ | 46077 |
| | 3 | Gross rents and royalties | |
| | 4 | Income from partnerships and fiduciaries | |
| | 5 | Capital gains (losses) | |
| | 6 | Ordinary gains (losses) | 46077 |
| | 7 | Other income (attach statement) ▶ | 13814 |
| | 8 | **Total income.** Add lines 1 through 7 | |
| **Expenses** | 9 | Interest expense | 5903 |
| | 10a | Foreign taxes (attach statement) | 12352 |
| | b | State and local taxes | |
| | 11 | Amortization and depreciation (depletion) | |
| | 12 | Trustee and advisor fees | 168 |
| | 13 | Charitable contributions | |
| | 14 | Other expenses (attach statement) ▶ | 32237 |
| | 15 | **Total expenses.** Add lines 9 through 14 | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Trustee Signature ▶                    Title ▶                    Date ▶

Form **3520-A** (2018)

Form 3520-A (2018)

## 2018 Foreign Grantor Trust Beneficiary Statement

**Important:** *Trustee must prepare a separate statement for each U.S. beneficiary that received a distribution from the trust during the tax year and include a copy of each statement with Form 3520-A. Trustee is also required to send to each such beneficiary a copy of the beneficiary's statement. Each U.S. beneficiary must attach a copy of its statement to its Form 3520.*

| | | |
|---|---|---|
| **1a** Name of foreign trust | **b(1)** Employer identification number | |
| Bonomo Family Trust | 90-6262694 | |
| **c** Number, street, and room or suite no. (If a P.O. box, see instructions) | **b(2)** Reference ID number (see instructions) | |
| c/o Forbes Hare Trust Company, 10 Market Street, Cassia Court | | |

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? ☑ Yes ☐ No

If "Yes," complete lines 3a through 3g.

If "No," do you agree that either the IRS or the U.S. beneficiary can inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish that the trust should be treated for U.S. tax purposes as owned by another person? ☐ Yes ☐ No

| | |
|---|---|
| **3a** Name of U.S. agent | **b** Identification number |
| Lawrence A. Caplan, P.A. | 59-3222576 |

| **c** Number, street, and room or suite no. (If a P.O. box, see instructions) | | |
|---|---|---|
| 1375 Gateway Blvd. | | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Boynton Beach | FL | 33426 | USA |

| **4a** Name of trustee | **b** Identification number (if any) |
|---|---|
| Forbes Hare Trust Company | |

| **c** Number, street, and room or suite no. (If a P.O. box, see instructions) | | |
|---|---|---|
| 10 Market Street, Cassia Court | | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands |

**5** The first and last day of the tax year of the foreign trust to which Form 3520-A applies ▶ 2018

| **6a** Name of U.S. beneficiary | **b** Identification number |
|---|---|
| Gabriella Bonomo | ████████ |

| **c** Number, street, and room or suite no. (If a P.O. box, see instructions) | | |
|---|---|---|
| 16814 123rd Terrace | | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Jupiter | FL | 33478 | USA |

**7** Cash amounts or FMV of property that during the current tax year was: (1) distributed directly or indirectly to a U.S. person whether or not the U.S. person is a named beneficiary of the trust, (2) loaned (exclude loans treated as qualified obligations) directly or indirectly to a U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person, or (3) used by the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person without compensating the trust for the FMV of the use of the property within a reasonable period of time. (See the instructions for Part III of Form 3520 for U.S. tax treatment of these amounts).

| (a) Date of distribution | (b) Description of property distributed | (c) FMV of property distributed (determined on date of distribution) | (d) Description of property transferred, if any | (e) FMV of property transferred | (f) Excess of column (c) over column (e) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Totals** | | | | ▶ $ | |

**8** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by another person.

**9** Owner of the foreign trust is (check one): ☑ Individual ☐ Partnership ☐ Corporation

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

Form **3520-A** (2018)

EXHIBIT "K"



Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0038

**IRS**

| Notice | CP15 |
|---|---|
| Tax Year | 2018 |
| Notice date | April 5, 2021 |
| Social Security number | ████████ |
| To contact us | 800-829-8374 |
| Your Caller ID | 727867 |
| Page 1 of 3 | 18H |

359441.322224.156830.21229 1 AV 0.398 700



JAMES BONOMO
16814 123RD TER N
JUPITER FL 33478-6008

359441

# Notice of Penalty Charge

660

You have been charged a penalty under Section 6677 of the Internal Revenue Code for Failure to File Form 3520-A.

## TAX STATEMENT

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $20,642.25 |
| Interest | $0.00 |
| Bad Check Penalty | $0.00 |
| **Balance Due** | **$20,642.25** |

Continued on back...



**IRS**

**Payment**

JAMES BONOMO
16814 123RD TER N
JUPITER FL 33478-6008

| Notice | CP15 |
|---|---|
| Notice date | April 5, 2021 |
| Social Security number | 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 |

- Make your check or money order payable to the United States Treasury.
- Write your Social Security number (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), the tax year (2018), and the form number (CVL PEN) on your payment and any correspondence.

Amount due by April 26, 2021

$20,642.25

INTERNAL REVENUE SERVICE
KANSAS CITY, MO 64999-0202

062409984 WX BONO 55 0 201812 670 00002064225

| | |
|---|---|
| Notice | CP15 |
| Tax Year | 2018 |
| Notice date | April 5, 2021 |
| Social Security number | ███████ |
| Page 2 of 3 | 18H |

We charged you a penalty under Internal Revenue Code (IRC) Section 6677 because you didn't meet the reporting requirements of IRC Section 6048(b). Section 6048(b) requires U.S. owners of a foreign trust to ensure that a complete and accurate Form 3520-A, Annual Return of Foreign Trust With a U.S. Owner, is filed by the foreign trust by the time prescribed. Or, if the trust does not file a Form 3520-A, the U.S. Owner must file a complete and accurate substitute Form 3520-A and attach it to the U.S. Owner's timely-filed Form 3520.

The amount of the Initial Penalty under IRC Section 6677(a) and (b) is the greater of $10,000 or 5% of the gross reportable amount under IRC Section 6677(c), which is the gross value of the portion of the foreign trust's assets at the close of the year treated as owned by the U.S. person.

If any failure to file Form 3520-A, or failure to provide correct or complete information, continues for more than ninety (90) days after you have been notified of the failure, we will charge additional penalties (Continuation Penalties) of $10,000 for each 30-day period (or fraction thereof) during which such failure continues. The total Initial and Continuation penalties will not exceed the greater of $10,000 or the gross value of the portion of the foreign trust's assets treated as owned by you on Form 3520-A. If we haven't previously issued notification to file a complete and accurate Form 3520-A, this letter constitutes notice of your failure to provide correct or complete information on the Form 3520-A, and the 90-day period begins on the day after the date of this notice.

As an owner of a foreign trust, IRC Section 6048(b) may also require you to report information by filing Part II, U.S. Owner of a Foreign Trust, of Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. A separate penalty under IRC Section 6677(a) and (b), identical to the one described above, will apply if you fail to timely file a complete and accurate Form 3520, Part II.

If you agree with the assessment of this penalty, pay the "Total Amount You Owe" listed above within 10 days from the date of this notice. Note: Even if you pay the total amount you owe, you may still be charged Continuation Penalties if you do not furnish complete and accurate information required under IRC Section 6048(b).

Certain failures to file Form 3520-A, or provide complete and accurate information, may be excused for reasonable cause. If you believe you have reasonable cause for your failure to comply, you may send us a written statement (including any documents that will support your position) within 30 days from the date of this notice. The statement must list all the facts you're claiming as reasonable cause for the failure and include a declaration that the statement is made under penalties of perjury. The fact that a foreign jurisdiction would impose a civil or criminal penalty on you (or any other person) for disclosing the required information is not reasonable cause. If you previously provided a reasonable cause statement that has already been considered and disallowed, please see the claims and appeals guidance below for additional options to contest this assessment.

If you do not pay the amount you owe by April 26, 2021, the law requires us to charge interest on the amount due. The next notice you receive will show the amount of interest and penalties you owe to date. Interest will continue to accrue until you pay the amount in full.

Keep a copy of this notice with your federal tax records.

| Notice | CP15 |
|---|---|
| Tax Year | 2018 |
| Notice date | April 5, 2021 |
| Social Security number | |
| Page 3 of 3 | 18H |

If you wish to appeal this penalty without going to court, send the IRS (at the address shown on page 1 of this notice) a written request to appeal within 30 days from the date of this notice. Your request should include any explanation and documents that will support your claim. Your explanation should include all facts that support a reasonable cause defense for not being subject to this penalty.

If you do not wish to appeal this penalty, there is nothing you need to do at this time. You may later dispute the penalty by paying the penalty and then filing a claim for credit or refund within the period of limitations provided under IRC Section 6511.

For tax forms, instructions and information visit www.irs.gov. Access to this site will not provide you with any taxpayer account information.



**IRS**

Department of the Treasury
Internal Revenue Service
Austin, TX 73301-0025



| Notice | CP49 |
|---|---|
| Tax Year | 2020 |
| Notice date | May 31, 2021 |
| Social Security number | |
| To contact us | 800-829-8374 |
| Your Caller ID | 727867 |
| Page 1 of 1 | 9H |

301458.338621.232750.23109 1 AV 0.398 624

||ılı.|ı|'|ı||ılı|ılı.||||ı11|ı|ııı|..ı||||||ı||ı|ı|



JAMES BONOMO
16814 123RD TER N
JUPITER FL 33478-6008

301458

## We applied $20,642.25 of your 2020 overpayment to an unpaid balance

# Refund due: $0.00

We applied your 2020 Form 1040 overpayment
to an amount owed for 2018.

As a result, your refund has been reduced to
$0.00.

### Summary

| | |
|---|---|
| Overpayment for 2020 | -$47,005.00 |
| Amount applied to civil penalty owed for December 31, 2018 | 20,642.25 |
| **Refund due** | **$0.00** |

---

### What you need to do

You don't need to do anything.

---

### Additional information

- Visit www.irs.gov/cp49
- For tax forms, instructions, and publications, visit www.irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- You can contact us by mail at the address at the top of this notice. Be sure to include your Social Security number, the tax year, and the form number you are writing about.
- Keep this notice for your records.

We're required to send a copy of this notice to both you and your spouse. Each copy contains the information you are authorized to receive.

If you need assistance, please don't hesitate to contact us.