UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80199-LEIBOWITZ/MATTHEWMAN

J. FREDERIC BONOMO
and GABRIELLA BONOMO,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

> FILED BY_____SW_____D.C.
>
> **Feb 13, 2025**
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [DE 45, 46]

THIS CAUSE is before the Court upon an Order of Reference to the Undersigned United States Magistrate Judge from the Honorable United States District Judge David Leibowitz [DE 48] for entry of a Report and Recommendation on Plaintiff J. Frederic Bonomo and Gabriella Bonomo's ("Plaintiffs") Amended Motion for Summary Judgment ("Amended Motion") [DE 45] and Defendant United States of America's ("Defendant") Cross-Motion for Summary Judgment ("Cross-Motion") (collectively "Motions") [DE 46]. Defendant also filed a separate Statement of Undisputed Material Facts [DE 47]. The Motions are ripe for review. Being fully advised in the premises, the Court **RECOMMENDS** that Plaintiffs' Amended Motion [DE 45] be **DENIED** and Defendant's Cross-Motion [DE 46] be **GRANTED**.

## I.    BACKGROUND

Plaintiffs, under 26 U.S.C. § 7422, seek a refund of a civil tax penalty levied against them by Defendant "for failure to timely file a Form 3520A-Annual Information Return for Foreign Trust with U.S. Owner for tax year 2018." [DE 1 at 1].

## II.  <u>LOCAL RULE NON-COMPLIANCE</u>

To start, Plaintiffs' "Exhibit to Amended Motion for Summary Judgment Statement of Material Facts" fails to comply with the Southern District of Florida Local Rules. *See* DE 45 at 12. First, Local Rule 56.1(a)(1) requires that a Statement of Material Facts ("SMF") be separately filed from a motion for summary judgment. Here, Plaintiffs' Statement of Material Facts violates this rule as it is attached to the Amended Motion as an exhibit. [DE 45 at 12][1]. Second, Plaintiffs' SMF does not contain separately numbered paragraphs with each fact being supported by a citation to the record, in violation of Local Rule 56.1(b)(1)(B). Third, Plaintiffs do not respond to Defendant's Additional Material Facts in Support of the United States' Cross-Motion. [DE 47 ¶¶ 36–45]. Under Local Rule 56.1(c), the Court can deem that Plaintiffs admit these facts if Defendant's Additional Material Facts are (1) supported by the record with a proper citation and (2) do not fall under an exception under Federal Rule of Civil Procedure 56.

Defendant urges the Court to deny Plaintiffs' Amended Motion because of the Local Rule non-compliance. [DE 46 at 3]. The Court can deny the Amended Motion on this basis. *Kluge v. Smukler Services, Inc.*, No. 12-62106-CIV, 2013 WL 6169214, at *1 (S.D. Fla. Nov. 20, 2013) (Rosenbaum, J.); *D & M Carriers, LLC v. M/V Thor Spirit*, No. 11-80722-CIV, 2012 WL 4747198, at *3 (S.D. Fla. Oct. 4, 2012) (Marra, J.). Here, the Court finds and recommends that Plaintiffs' Amended Motion be denied on this first basis due to the Local Rules violations. However, to make a full record, the Court will address the remaining arguments and explain why additional bases exist to deny Plaintiffs' Amended Motion.

---

[1] Because Plaintiffs' Amended Motion and SMF contain no page numbers, the Court cites the clerk's page numbers on the top right-hand corner.

### III.   <u>**UNDISPUTED FACTS**</u>

The Court has carefully reviewed the uncontested portions of the record, along with Plaintiffs' Statement of Material Facts ("Pl.'s SMF") [DE 45 at 12–15] and Defendant's Statement of Undisputed Material Facts ("Def.'s SMF") [DE 47]. Also, after reviewing the record, the Court finds that Plaintiffs admit Defendant's Additional Material Facts [Def.'s SMF ¶¶ 36–45] under Local Rule 56.1(c).

In 2012, Plaintiffs were the owners of the Bonomo Family Trust ("Trust"). [Pl.'s SMF at 12]; [Def.'s SMF ¶ 36]. The Trust is a foreign grantor trust governed by the trust laws of the Bahamas. [Pl.'s SMF at 12]. Lawrence Caplan has prepared and filed the Plaintiffs' Form 3520-A and 3520 since the Trust was formed. [Def.'s SMF ¶ 37].

Plaintiffs filed for an automatic six-month extension to file their federal income tax return for tax year 2018. [Pl.'s SMF at 13]. Plaintiff also extended the deadline for the Trust to file Form 3520-A and Form 3520. [Def.'s SMF ¶¶ 12, 16].

Plaintiffs do not have proof of delivery of Forms 3520 and 3520-A to the Internal Revenue Service Center in Ogden, Utah. [Pl.'s SMF at 13]. The IRS did not receive Plaintiffs' Form 3520 for tax year 2018. [Def.'s SMF ¶ 40]. The IRS received Plaintiffs' Form 3520-A on October 18, 2019. *Id.* ¶ 41. Accompanying Plaintiffs' Form 3520-A was a letter from Lawrence Caplan stating that Form 3520-A was not sent until October 17, 2019. *Id.* ¶ 42. Plaintiffs' Form 3520-A was not filed as a substitute Form 3520. *Id.* ¶ 43. Plaintiffs' Form 3520-A for tax year 2018 shows that the value gross value of the Trust's assets was $412,845. *Id.* ¶ 44. James Frederic Bonomo was then assessed a civil penalty of $20,642.25 under 26 U.S.C. § 6677. *Id.* ¶ 45.

## IV.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) states in relevant part that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of demonstrating to the court by reference to the record that there are no genuine issues of material fact that need to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a moving party has discharged its initial burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," identify specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted). Any doubts regarding whether a trial is necessary must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

So long as the non-moving party has had an ample opportunity to conduct discovery, the non-movant must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could

reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249–50.

Moreover, in a tax refund case like this, the burden is on the taxpayer, here Plaintiffs, to show that the IRS made an erroneous assessment and to show the amount that the taxpayer is entitled to recover. *McKenny v. United States*, 973 F.3d 1291, 1296 (11th Cir. 2020).

## V.    **DISCUSSION**

First, Plaintiffs argue that their Form 3520-A was not due until October 15, 2019. [DE 45 at 4]. Further, Plaintiffs assert that the Form 3520-A was timely filed on October 15, 2019. *Id.* In support, Plaintiffs cite an affidavit made by Lawerence Caplan which states that he timely shipped the Form 3520-A to the IRS Ogden Service Center. *Id.* at 4, 29.

In response, Defendant argues that because Plaintiffs did not file a Form 3520, their Form 3520-A was due September 15, 2019. [DE 46 at 5]. Nonetheless, Defendant claims that even if Plaintiffs' Form 3520-A was due on October 15, Plaintiffs do not have the required evidence to show that the form was timely mailed. *Id.* at 7–9.

26 U.S.C. § 6048 provides reporting obligations regarding ownership of a foreign trust. Section 6048(a) requires a "United States person" to report "the creation of any foreign trust" and "the transfer of any money or property (directly or indirectly) to a foreign trust." 26 U.S.C. § 6048(a)(1), (3)(A)(i)–(ii). "These reportable events are disclosed to the IRS on Form 3520." *Rost v. United States*, 44 F.4th 294, 297 (5th Cir. 2022); I.R.M. 21.8.2.19.2(1). Form 3520 is due at the same time as the taxpayer's federal income tax return. I.R.M. 21.8.2.19.2(8). If a taxpayer is "granted an extension to file an income tax return…, the due date for filing Form 3520 is" October

15th following the end of the tax year. *Id.* Failure to timely file Form 3520 results in a "penalty equal to the greater of $10,000 or 35 percent of the gross reportable amount." 26 U.S.C. § 6677(a).

26 U.S.C. § 6048(b) provides that a U.S. owner of a foreign trust is required to ensure that the foreign trust makes a return "which sets forth a full and complete accounting of all trust activities and operations for the year, the name of the United States agent for such trust, and such other information as the Secretary may prescribe[.]" 26 U.S.C.§ 6048(b)(1)(A). "The return is made on Form 3520-A." *Rost*, 44 F.4th at 298. Form 3520-A is due on March 15th following the end of the tax year. I.R.M. 21.8.2.19.3(5). The due date can be extended until September 15th if the trust files for an extension. *Id.* To "avoid penalties associated with the failure to timely file Form 3520-A, the U.S. owner must ensure that their foreign trust timely files Form 3520-A, or the U.S. owner must file a substitute Form 3520-A with their timely-filed Form 3520." I.R.M. 21.8.2.19.3(2). Failure to timely file the Form 3520-A results in "a penalty equal to the greater of $10,000 or [5] percent of the gross reportable amount." 26 U.S.C. § 6677(a)–(b).

To simplify, Plaintiffs as the owners of the foreign Trust either needed to (1) file Form 3520-A by September 15, 2019, or (2) file Form 3520 with a substitute Form 3520-A by October 15, 2019. I.R.M. 21.8.2.19.2(8); I.R.M. 21.8.2.19.3(2), (5); [Def.'s SMF ¶¶ 12, 16]. Because Plaintiffs did not file Form 3520[2] [Def.'s SMF ¶ 40], they were required to file Form 3520-A by September 15, 2019, for it to be considered timely. [Def.'s SMF ¶ 43]; I.R.M. 21.8.2.19.3(2). Plaintiffs, admittedly, did not do so. [P.'s SMF at 13]; [Def.'s SMF ¶¶ 41, 42].

---

[2] Plaintiffs claim that they filed Form 3520 on or about October 15, 2019. [DE 45 at 13]. However, this "unsupported factual allegation[]" is "legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). Further, Plaintiffs admit that the IRS did not receive their Form 3520 for tax year 2018. [Def.'s SMF ¶ 40]; S.D. Fla. L.R. 56.1(c). Also, to note, Defendant states that it could have penalized Plaintiffs for failing to file Form 3520 but did not do so. [DE 46 at 6].

Even if the due date for Plaintiffs' Form 3520-A was October 15, 2019, Plaintiffs still fail to show that their Form 3520-A was filed by that date. Under 26 U.S.C. § 7502(a)(1), if a return is delivered to the IRS after the date that it is due, the date of the postmark will be deemed the date of delivery. Further, "other than direct proof of actual delivery, proof of proper use of registered or certified mail, and proof of proper use of a duly designated [private delivery service]…are the exclusive means to establish prima facie evidence of delivery of a document" to the IRS. 26 C.F.R. § 301.7502-1(e)(2)(i). "No other evidence of a postmark or of mailing will be prima facie evidence of evidence of delivery or raise a presumption that the document was delivered." *Id.* Here, the only proof of delivery for Plaintiffs' Form 3520-A is that the IRS received it on October 18, 2019. [Def.'s SMF ¶ 41]. Plaintiffs admit that they do not have any proof of delivery for Form 3520-A. [Pl.'s SMF at 13]. Further, the only "evidence" Plaintiffs' point to is the affidavit from Lawerence Caplan stating that he shipped Plaintiffs' Form 3520-A on October 15, 2019. [DE 45 at 4, 29]. However, Mr. Caplan's affidavit is not sufficient proof of delivery and is contradicted by a letter he sent to the IRS stating that he sent Plaintiffs' Form 3520-A on October 17, 2019. 26 C.F.R. § 301.7502-1(e)(2)(i); [Def.'s SMF ¶ 42].

Lastly, Plaintiffs also seemingly argue that the civil penalty assessed against them was erroneously computed and egregious. Here, the penalty was assessed according to the statutory scheme. Five percent of the gross reportable amount of the Trust, $412,845, equals $20,642.25— the amount of the civil penalty assessed here. [Def.'s SMF ¶ 44–45]; 26 U.S.C. § 6677(a)–(b). It is simple math. Plaintiffs' may believe that the penalty is "egregious", but they are not above the law.

Therefore, Plaintiffs fail to meet their burden and Defendant is entitled to judgment as a matter of law.[3] Thus, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiffs' Amended Motion [DE 45] and **GRANT** Defendant's Cross-Motion [DE 46].

## NOTICE OF RIGHT TO OBJECT

In light of the imminent trial date of April 21, 2025, and the requirement that a pretrial stipulation be filed by February 24, 2025 [DE 37], the time for objections is hereby shortened under Southern District of Florida Magistrate Judge Rule 4(b), as follows: the parties shall have seven (7) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge David Leibowitz. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

---

[3] Plaintiffs also argue that they should have received an additional extension to file Form 3520-A because of Hurricane Dorian. [DE 45 at 5]. This argument is meritless. Plaintiffs cite no authority that shows that the IRS gave an extension to taxpayers because of Hurricane Dorian. *See id.* at 5–6. The only "exhibits" Plaintiffs cite are a Wikipedia page for Hurricane Dorian and an article stating that the IRS gave taxpayers filing extensions due to Hurricane Irma. *Id.* at 27–28, 31. The Court also found no evidence of any extensions granted because of Hurricane Dorian. *See Help for Victims of Hurricane Dorian*, IRS, https://www.irs.gov/newsroom/help-forvictims-of-hurricane-dorian (last updated Nov. 5, 2024).

Plaintiffs also assert that the "inability of the IRS to locate [Plaintiffs'] completed Form 3520" may be because of the IRS's Ogden Service Center closing due to the COVID-19 pandemic. [DE 45 at 7]. This argument is pure speculation, is not supported by any authority, and is meritless.

Lastly, Plaintiffs are not entitled to the reasonable cause exception. *See* 26 U.S.C. § 6677(d). Plaintiffs do not raise the argument, but Defendant addresses it, so for completeness, the Court will also address it. Even if Plaintiffs' have timely filed their Form 3520-A in the past, relying on Mr. Caplan to file their Form 3520-A, albeit to Plaintiffs' detriment, without more, is not enough to establish reasonable cause. *See Lee v. United States*, 84 F.4th 1271, 1279 (11th Cir. 2023) ("[The plaintiff] showed some diligence by reviewing his tax returns, signing Form 8879, authorizing [the plaintiff's agent] to e-file the returns each year…however, [the plaintiff] never confirmed—either with [the agent] or the IRS—that the returns were filed. The duty to file tax returns on time lies with the *taxpayer*, not the agent, and it remains invariable whether e-filing or paper filing. Unfortunately, [the plaintiff] blindly relied on his agent to his detriment. We cannot say that such reliance, without more, amounts to reasonable cause."); [Def.'s SMF ¶ 39].

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach

County, Florida, this 13th day of February 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge