IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

J. FREDERIC BONOMO
And GABRIELLA BONOMO,

Petitioners,   CASE NO. 9:24-cv-80199-DMM

v.

UNITED STATES OF AMERICA
(U.S. Dept. of Treasury)

Respondent
_____/

**OBJECTION BY PETITIONERS AS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT {DE 50]**

I.   Petitioners' failure to file their Statement of Material Facts as a separate document and not as an attachment to their Amended Motion for Summary Judgment was nothing more than a mere misunderstanding of the specific rule and has been corrected by the separate filing of a new Statement of Material Facts which is accompanied by specific citations to the relevant exhibits which were filed as attachments to the original complaint. Petitioners respectfully ask this Court to excuse this oversight and proceed with the case on the merits,

II.   **OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**

A. Petitioners initiate their objections to the Report by arguing that this is a very close case and one which rises and falls on the specific interpretation of the Internal Revenue Service's very arcane and complex rules regarding filing of the Form 3520 and Form 3520-A forms each year.

First and foremost, it should be understood that Petitioners were required to file their Form 3520 and 3520-A forms each year since creation of the trust back in 2012. For each and

every year since then, Petitioners duly filed their forms on a timely basis with counsel preparing the forms and filing them on time each year. Petitioners were never before penalized in any way for having filed their returns late and each quarter made their individual estimated tax payments as required.

In tax year 2018, Petitioners filed for a personal extension for filing their individual joint federal tax return and also filed for a five month extension for the filing of their trust tax returns (3520 and 3520A). Copies of these extension forms have been previously provided to the Court as Exhibits to their original Complaint. This extension initially extended the time for filing the trust forms until September 15, 2019. I.R.M. 21.8.2.19.3(5). In addition, if the taxpayers choose to file their Form 3520 along with a substitute 3520-A then the date upon which the return is due is extended to October 15, 2019. I.R.M. 21.8.2.19.2(8).

In actuality, Petitioners filed their Form 3520-A on October 15, 2019 and this is the same date which is indicated on the first page of the 3520-A which was mailed by overnight mail to the IRS by counsel on October 15, 2019. See Form 3520-A as attached to Petitioners' original complaint and also the date stamped first page as processed by the IRS Ogden Service Center.

Petitioners freely admit that they do not have written proof of the filing of the 3520-A on October 15, 2019, however the mere fact that the form was processed by the Ogden Service Center on October 18, 2019 would seem to be conclusive proof that the form was indeed filed on the 15th of October, which was a weekday. Respondents have admitted via their responses to interrogatories that the form in question was indeed processed on October 18, 2019 and these forms are not processed on the very same day that they are received in the Service Center mailroom in Ogden. As a result, assuming that the returns were due on October 15, 2019, by virtue of the I.R.M. 21.8.2.19.2 (8). then it must be logically assumed that the returns were mailed by October 15, 2019 and thus were timely filed.

Furthermore, Petitioners offered the sworn affidavit of counsel who conformed that the returns in questions were mailed for Federal Express overnight delivery from Boca Raton Federal Express location for delivery in Ogden on October 16, 2019. Counsel has been a member in good standing of the Florida Bar since 1984 and his sworn affidavit should carry some certain weight in determining whether the returns were indeed filed on time.

B. In light of the growing COVID-19 pandemic, the IRS closed its Ogden Service Center in early 2020, and had all of its local agents operate from their homes until June 2020. Respondents confirmed this fact in their responses to interrogatories propounded by Petitioners. During this period of time, counsel for Petitioners had at least two other cases being handled in the Ogden Service Center where documents and/or entire files for taxpayers were misplaced due to the relocation of employees. It is entirely possible that the form 3520 which the Ogen Service Center claims was not timely filed may have been misplaced during the relocation from the Service Center to employees' private homes.

### c. Petitioners should have received a Four Month Extension from September 1, 2029 Due to the Impact of Hurricane Dorian

Hurricane Dorian was an extremely powerful and catastrophic Category 5 Atlantic hurricane, which became the most intense tropical cyclone on record to strike the Bahamas, and is tied with the 1935 Labor Day Hurricane for the strongest landfall in the Atlantic basin in terms of maximum sustained winds. The 2019 cyclone is regarded as the worst natural disaster in the Bahamas recorded history. With winds peaking at 185 mph it was also one of the most powerful hurricanes recorded in the Atlantic Ocean and the strongest since Wilma in 2005. After it ravaged through the western Bahamas, Dorian proceeded along the coasts of the Southeastern United States and Canada, leaving behind considerable damage and economic losses in those regions. Due to the total damage and loss of life, the name Dorian was later

retired from the Atlantic hurricane rotating naming lists by the World Meteorological Organization (WMO).

And although the hurricane remained off the eastern coast of South Florida, high tropical storm force winds buffeted the South Florida coast north of Broward County for several days due to the increasing storm field of the hurricane during this period. It should be noted that Petitioners' home is in the northern edge of Palm Beach County and was directly in the path of high tropical storm force winds during this prolonged period. In fact, Petitioners suffered some damage to the fascia of their garage structure as a result of these winds.

It should be noted for purposes of this argument that in the fall of 2017, or only two years before, Northwest Florida was hit by Hurricane Irma, another Category 4-5 hurricane which caused considerable damage to those areas. However, Hurricane Irma did not make landfall in South Florida and tropical storm force winds were not experienced along the Southeastern Florida coast. However, as a result of the impact of Hurricane Irma, the Internal Revenue Service granted an additional four month extension, until January, 2019, for filing of all 2017 tax returns which were originally due in August/September, 2018, and this extension applied to taxpayers living along the Southeastern Florida coast. See attached Notices re: Hurricane Irma extension and Warning of Hurricane Dorian threat .    As such, Petitioners contend that a separate four month extension from August 15, 2019  through January 15, 2020 should have been granted to taxpayers who had been adversely impacted by Hurricane Dorian, with such extension applying to all taxpayers located in Palm Beach County, Florida, which would include Petitioners. If such an extension had been granted, then Petitioners' Form 3520A return would have been deemed to have been filed on time and no late filing penalty would have been assessed. It is critical to note that the IRS actually went to the lengths of advising taxpayers and staff of the seriousness of he impending Hurricane Dorian, and yest it afforded no extension

at all to any Florida based taxpayers, while granting a full four month extension to taxpayers in Florida based upon Hurricane Irma which had little or no effect on southeast Florida.

### D. Even if Petitioners' Form 3520-A return Was Determined to have been Filed Late, the Amount of Foreign Trust Income Attributable to Petitioners/Taxpayers was De Minimis and should not have resulted in such an Egregious Penalty

Even if it is determined that the aforementioned arguments do not apply to Petitioners and that they filed their Form 3520-A return late by a number of weeks, the total amount of foreign trust income attributable to Petitioners/Taxpayers was indeed "de minimis" and did not justify the imposition of an egregious penalty of over $20,000.

Petitioners' Form 3520-A indicates that the Bonomo Family Trust had $46,077 of gross rents and royalties in tax year 2018, and that was the sole source of trust income for that tax year.  See Petitioners Form 3520-A for tax year 2018 (previously attached as Exhibit to original Complaint) It should be noted that the trust only held one asset, that being the membership interest of one Florida limited liability company, P. Lee, LLC.

The Form 3520-A return also indicates that the Bonomo Family Trust had total trust expenses of $32,237 for tax year 2018. As a result, the total net income for the Bonomo Family Trust in tax year 2018 was only $13,840. And although the net trust income was only $13,840, the civil penalty for late filing was some $20,701.00, with interest accruing thereon. This total penalty is derived from a base late filing penalty of $10,000 with an additional penalty based upon the total value of assets held in the trust, which in tax year 2018 was approximately $326,000.

As a result, the total civil penalty for late filing of the Form 3520-A, which under the analysis absolutely least favorable to Petitioners would have the return being filed eight weeks late, is more than the actual total trust income for tax year 2018 by over $7000. This represents

an egregious and substantial penalty which constituted a grave hardship to Petitioners. Petitioners note that they never before had been subject to any late filing or late paying civil penalty assessed by the Internal Revenue Service, and have been fully compliant quarterly filers since 2018. As such, Petitioners believe that the late filing penalty assessed against them should be waived or greatly reduced as a result of the minimal trust income generated by the Bonomo Family Trust in tax year 2018.

### E. Conclusion in Support of Summary Judgment

If the Petitioners are determined to have filed their Form 3520-A for tax year 2018 as a supplement to their filing of their Form 3520 for the same tax year, then under the specific instructions for filing the Form 3520 return, assuming the Petitioners filed an extension for filing of the personal tax return for tax year 2018, which they did, then their Form 3520 with the 3520-A supplement was actually not due to be filed until October 15, 2019, and Petitioners were fully in compliance.

In addition, if the Internal Revenue Service had afforded taxpayers impacted by category 5 Hurricane Dorian the same four month extension in which to file their returns (including most trust returns) due on August 15, 2019, that they afforded similarly impacted taxpayers of Hurricane Irma just two years before, then Petitioners' Form 3520-A would have been filed well within that four month extension period. And clearly taxpayers residing along the coast of Palm Beach County, Florida would have been deemed eligible for such a four month extension.

Finally, even if neither of the above circumstances had been deemed to be applicable to Petitioners, the total net trust income for the Bonomo Family Trust in tax year 2018, i.e. approximately $13,000, did not in any way justify the imposition of a civil late filing penalty which exceeded the total amount of foreign trust income by more than $7000. In the event that neither of the above stated circumstances are found to apply to Petitioners, then they contend that

the total civil penalty assessed against them should either be waived or reduced significantly so that it is in line with the net amount of net foreign trust income generated by the Bonomo Family Trust.

In any event, even if the Court believes that the Form 3520-A was filed one day late, Petitioners do not believe that that alone justifies the imposition of a draconian 5% civil penalty of over $20,000 based upon the one single asset held in the Bonomo Family Trust. If the Court is of the belief that the Petitioners failed to meet the filing requirement by one day, then a significantly smaller penalty is justified. In addition, the very close facts in this case merit that a jury be allowed to hear testimony from the principals and review the documents the question. As such, Petitioners maintain that summary judgment for Respondent is not warranted in this case and that it should go forward to trial.

Respectfully submitted,

> LAWRENCE A. CAPLAN, P.A.
> 1598 SW 21st Lane.
> Boca Raton, FL 33486
> Telephone: 561.245.0763
> Email: lacaplanlaw@bellsouth.net
> By: ss/*lawrencecaplan/*
> Florida Bar No. 400531

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Objection to Magistarte's Report and Recommendation for Summary Judgment was delivered by electronic mail to Rachel Iocangelo, Esq., US Department of Justice on this 19th day of February, 2025.

Ss/Lawrencecaplan/

Florida Bar No. 400531

Case 9:24-cv-80199-DSL   Document 52   Entered on FLSD Docket 02/19/2025   Page 8 of 9

603822990027 9

Form **3520-A**

Department of the Treasury
Internal Revenue Service

# Annual Information Return of Foreign Trust With a U.S. Owner
(Under section 6048(b))

▶ Go to www.irs.gov/Form3520A for instructions and the latest information.

OMB No. 1545-0160

**2018**

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

For calendar year 2018, or tax year beginning , 2018, ending , 20

Check appropriate boxes: ☐ Initial return ☐ Final return ☐ Amended return

Check if any excepted specified foreign financial assets are reported on this form (see instructions) ☐

**Part I General Information** (see instructions)

1a Name of foreign trust: Bonomo Family Trust

b(1) Employer identification number: 90-6262694

b(2) Reference ID number (see instructions):

c Number, street, and room or suite no. (if a P.O. box, see instructions): c/o Forbes Hare Trust Company, 10 Market Street, Cassia Court

| d City or town | e State or province | f ZIP or foreign postal code | g Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands |

ICJ/$

2 Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information? ☑ Yes ☐ No

N

If "Yes," skip lines 2a through 2e and go to line 3.
If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

| Have you attached a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| a Summary of all written and oral agreements and understandings relating to the trust? | ☐ | ☐ | ☐ | |
| b The trust instrument? | ☐ | ☐ | ☐ | |
| c Memoranda or letters of wishes? | ☐ | ☐ | ☐ | |
| d Subsequent variances to original trust documents? | ☐ | ☐ | ☐ | |
| e Other trust documents? | ☐ | ☐ | ☐ | |

3a Name of U.S. agent: Lawrence A. Caplan, P.A.

b Identification number: 59-3222576

c Number, street, and room or suite no. (if a P.O. box, see instructions): 2375 Gateway Blvd

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| Boynton Beach | FL | 33426 | USA |

4a Name of trustee: Forbes Hare Trust Company

b Identification number, if any:

c Number, street, and room or suite no. (if a P.O. box, see instructions): 10 Market Street, Cassia Court

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands |

5 Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions). ☐ Yes ☑ No

6 Enter the number of Foreign Grantor Trust Owner Statements (pages 3 and 4) included with this Form 3520-A ▶ 1

**Sign Here** — Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ [signature] Trustee's signature ▶ FORBES HARE TRUST COMPANY LIMITED AS TRUSTEE Title ▶ 15 OCT 2019 Date

**Paid Preparer Use Only**

Print/Type preparer's name: LAWRENCE A. CAPLAN PA | Preparer's signature: [signature] | Date: 10/15/19 | Check ☐ if self-employed | PTIN

Firm's name ▶ LAWRENCE A. CAPLAN PA | Firm's EIN ▶ 59-3222576

Firm's address ▶ 2375 GATEWAY BLVD, BOYNTON BEACH, FL 33426 | Phone no. 561-988-6009

For Paperwork Reduction Act Notice, see instructions. Cat. No. 19595G Form **3520-A** (2018)

RECEIVED
E2-686
OCT 18 2019
IRS-OSC
OGDEN, UT