UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80199-LEIBOWITZ/MATTHEWMAN

J. FREDERIC BONOMO
and GABRIELLA BONOMO,
    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
    *Defendant*.
_____/

## ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation on Cross-Motions for Summary Judgment [ECF No. 50] ("Report and Recommendation"), filed on February 13, 2025, by United States Magistrate Judge William Matthewman. The Magistrate Judge recommends denying Plaintiffs' motion for summary judgment and granting Defendant's motion for summary judgment. [*Id.* at 1, 8]. Plaintiffs filed timely objections [ECF No. 52], which this Court has reviewed. Upon due consideration of the motions, the parties' papers, the relevant portions of the record, and the governing law, the Court ADOPTS AND AFFIRMS the Report and Recommendation for the reasons stated below.

### I.    BACKGROUND

This dispute is over the late payment of trust income tax that resulted in a civil tax penalty being levied against Plaintiffs, who now sue under 26 U.S.C. § 7422 for a refund. [*See* ECF No. 1]. Specifically, Plaintiffs were assessed a civil penalty of $20,642.25 "for [their] failure to timely file a Form 3520A-Annual Information Refund for Foreign Trust with U.S. Owner for tax year 2018." [*Id.*] The Magistrate Judge found Plaintiffs failed to meet their burden to show that they mailed the subject

1

Form 3520A by the October 15, 2019, deadline.[1] Further, Plaintiffs' representations that the form was timely mailed is contradicted by a letter from counsel that accompanied Plaintiffs' late filing, stating the form was mailed on October 17, 2019. [*See* Def.'s SMF 44–45]. Accordingly, the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted. Plaintiff's objections improperly relitigate the issues raised in their motion which have been considered by the Magistrate Judge. [*See* ECF No. 52].

## II.  STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted)). "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." *United States v. Zinn,* 321 F.3d 1084, 1087–88 (11th Cir. 2003).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is

---

[1] The Magistrate Judge also found that Plaintiffs' Motion for Summary Judgment should be denied for failure to comply with the Local Rule 56.1. [ECF No. 50 at 2].

2

improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000)).

To demonstrate plain error, an objector must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).  An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.  *See Schultz,* 565 F.3d at 1356–57 (citing *United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003)).

### III.   DISCUSSION

**A.  <u>Plaintiff is not entitled to judgment as a matter of law</u>.**

When requesting relief under Section 7422(a), a taxpayer must overcome the presumption of correctness that is attributed to government tax assessments.  *See United States v. Janis,* 428 U.S. 433, 440 (1976).  A taxpayer who challenges the validity of an assessment, "bears the burdens of both production and of persuasion." *United States v. McCombs,* 30 F.3d 310, 318 (2d Cir. 1994) (citations omitted).  That is, the taxpayer must present evidence to establish that the challenged IRS assessment

3

was erroneous. *See Webb v. Internal Rev. Svc.,* 15 F.3d 203, 205 (1st Cir.1994) (finding that taxpayer failed to meet this burden); *Liddon v. United States,* 448 F.2d 509, 514 (5th Cir.1971) ("A plaintiff seeking a refund of a partial payment of a section 6672 penalty has the burden of proving that the penalty assessment was erroneous both as to the plaintiff's refund claim and as to the Government's counterclaim for the unpaid balance of the assessment").

Plaintiffs made four arguments in support of their Motion for Summary Judgment, only two of which needed to be addressed by the Magistrate Judge. First, Plaintiffs say they did, in fact, file the Form3520A on time (on October 15, 2019). [ECF No. 45 at 4–5]. The Magistrate Judge correctly found that this representation was contradicted by the record. [ECF No. 50 at 3]. Thus, Plaintiffs failed to meet their burden to show that the assessment of the civil penalty for late filing was erroneous. Second, Plaintiffs maintain the IRS should have granted Florida taxpayers a four-month extension due to the impact of Hurricane Dorian. [*Id.* at 5–6]. That *wish* does not entitle Plaintiffs to summary judgment. The Treasury Secretary has discretion to postpone certain tax payment deadlines by reason of a federally declared disaster for "qualified taxpayers." *See* 26 U.S.C. § 7509A. Plaintiffs do not allege that such a declaration was made, or that they would qualify. So, the second argument is a non-starter. Third, Plaintiffs theorize that their Form3520A may have been lost by the IRS due to the closure of the processing facility in early 2020 because of COVID-19. [*Id.* at 7]. That theory is unsupported by the record—which reflects the processing center received Plaintiffs' Form 3520A on October 18, 2019, accompanied by a letter stating the form was untimely mailed on October 17, 2019. [Def.'s SMF ¶ 40]. Further, Plaintiffs "freely admit" they have no evidence whatsoever that they timely mailed the form. [ECF No. 52 at 2]. Fourth, Plaintiffs contend that, even if their filing was late, the amount of the penalty is "egregious." [*Id.* at 7–9]. The Magistrate Judge correctly rejected that argument, finding the $20,642.25 penalty lawful. [ECF No. 50 at 7 ("Five percent of the gross reportable amount of the Trust, $412,845, equals $20,642.25…. It is simple math." (citing 26 U.S.C.

§ 6677(a)-(b))]. Accordingly, Plaintiffs failed to meet their burden to show that the amount of the penalty was erroneous.

Having failed to meet their burden, the Magistrate Judge correctly recommended denying Plaintiff's motion for summary judgment.

### B. Defendant is entitled to summary judgment.

Because Plaintiffs have not met their burden under either 26 U.S.C. § 7422(a) or § 6672(a), the United States is entitled to summary judgment. *Perlman v. United States*, No. 00-3703-CIV-GOLD, 2002 WL 575788, at *7 (S.D. Fla. Mar. 5, 2002).

In sum, the Magistrate Judge correctly recommended that Defendant's motion for summary judgment be granted.

### IV. CONCLUSION

The undersigned made a *de novo* determination as to those portions of the Report and Recommendation to which an objection has been made. Having considered the Report and Recommendation and all objections thereto timely filed, the undersigned has determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [**ECF No. 50**] is **ADOPTED AND AFFIRMED** and incorporated by reference in this Order.
2. Plaintiff's Amended Motion for Summary Judgment [**ECF No. 45**] is **DENIED**.
3. Defendant's Cross Motion for Summary Judgment [**ECF No. 46**] is **GRANTED**.
4. All pending motions, including Defendant's Motion in limine [**ECF No. 55**] are DENIED AS MOOT.
5. The Clerk is DIRECTED to enter Judgment for Defendant.

**DONE AND ORDERED** in the Southern District of Florida on February 28, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record